Sewall, J.
In an action for disturbance of a right of way which the plaintiff claims to have in and over the land of the defendant, from a certain farm in the occupation of the plaintiff to the High Street in Bath, the plaintiff having recovered a verdict, the case is brought before us upon exceptions, taken for the defendant, to the opinion and direction of the judge who presided at the trial. As explained by the argument of the defendant’s counsel, the ground of these exceptions seems to be, that the judge permitted [*187] a verdict for * the plaintiff, when no title to the way in question had been proved on her part, and when the evidence proved an extinguishment, by non-user, of the way, to which the plaintiff had supposed hersélf entitled.
The plaintiff shows a title to the farm, one of the termini of the supposed way, by a devise in the last will of her* late husband, Joseph White. He devises to her, for her life, all his real estate. If the way in question was Joseph White's, either as a hereditament to him and his heirs, or as an appurtenance of his farm, this action is maintained for the disturbance of it, unless the right itself had been extinguished and lost.
The defendant’s land, over which the way is claimed, was once parcel of Joseph White's farm, or an adjacent tract of land, which he sold, in 1773, to one William Swanton, under whom the defendant claims by several intermediate conveyances. The conveyance from Joseph White to Swanton contains this memorandum, inserted after the formal conclusion of the deed, but before the signatures “ N. B. It is agreed, before signing, that the said White, or his heirs, is for to have the privilege of a road to pass and repass from the highway by the land of W. S. across to his own land, Swanton to *195 maintain the fence,” &c.; and in a deed from Swanton to Turner, read on the defendant’s part, dated February 6, 1789, this memo* randum is repeated in the same words, changing the names of the parties, and with this variation in the expression, that the reservation or exception is to Joseph White and his heirs. The memorandum is inserted also after the conclusion of the deed. The way or road in question is not noticed or mentioned in any of the posterior conveyances of the land over which it is claimed.
The defendant contends that the exception or grant in White’s deed was of a way in gross, to him, only; either because a way in gross is only to be reserved or granted to the individual party to whom it is made; or because the disjunctive expression used, viz., to him or his heirs, must *be so con- [ * 188 ] strued as to render void the grant to the heirs; and then the right of way ceased at the death of Joseph White.
As to ways in gross, that they may be granted, or may accrue, in various forms, to one and his heirs and assigns, there can be no doubt. There is a strong example of such a grant in the case of Senhouse vs. Christian & Al., (5) upon which the defendants justified as heirs of the original grantee. And as to the construction contended for, although it is supported by a dictum of Lord Coke’s, it is a strictness not to be tolerated at the present day. The intention of the parties is to be effectuated; and, for that purpose, it is not unusual to construe or as and. So Swanton very honestly understood it, in repeating the reservation in his deed to Turner.
There is, however, room, and sufficient legal authority, we conceive, for a construction still more consonant with the intention of the parties, under the circumstances of this case. From the testimony reported, it appears that White, before 1773, before his con veyance to Swanton, had made for himself, and used, a passage-way, through this close, in going from his farm to the street. The memorandum may be construed a recognition of that way, and a continuance of it, in the form of an exception in White’s deed; and, being made by the owner of the farm for himself, then the occupant of it, and for the use of the farm according to the terminus ad quern, we should have no hesitation, if it was required to go into that question, to consider the exception as availing to White, and to his heirs and assigns, as occupants of that farm; and, in fact, as an exception which created a right of way appurtenant to that farm. But it is immaterial, in the present case, whether the exception availed, as a contract for a way in gross to White and his heirs, ot as appurtenant to his farm ; as, in either case, the title of the plain tiff to have the way is maintained, supposing its continuance.
*196 As to the loss of the right of way by non-user, the defence principally relied upon at the trial, and in which the [ * 189 ] * defendant was in some measure sanctioned or favored by the opinion of the judge, we are not aware of any rule or principle to that effect. On the contrary, even a right of way depending upon evidence from prescriptive use is not lost by a nonuser, or tortious interruption of the use for ten or twenty years, if tliei e is evidence of a usage beyond time of memory, previous to the interruption or neglect. (6) We should suppose the case of a grant or exception, which affords the most satisfactory proof of the origin of a right of way, had at least as much security as a right prescrip tively proved by use and permission, the evidence of which becomes precarious and uncertain by long interruption or neglect.
In the case at bar, if there was no evidence of an actual use of this way, there was a recognition of it in 1782, of a claim and controversy respecting it during the ownership of Simeon Turner, and a promise on his part to allow it, if there was a reservation of it, as Joseph White alleged.
And when this defendant built his house, so as to cover or encroach on this way, he was notified, by one of White’s children and heirs, of the right claimed on their part in that land.
Whatever may be" said, therefore, of the legal doctrine of a loss by non-user or neglect, we cannot say that the verdict is without evidence, or against the evidence before the jury at the trial; and then the fact of a use within twenty years must be considered as settled, if that was necessary to the plaintiff’s right of action. But we conceive it was not. The authority cited for the defendant upon this point is not of a right lost, but of another concurrent right gained, by a use of twenty years.
Upon the whole, the defendant claims under a title in which this right of way was excepted : he holds subject to that right, if it has not been released or extinguished; and of a release, or extinguishment of the right, there is no evidence, (a)

Judgment according to the verdict.

ADDITIONAL NOTE
[A party’s neglecting for seven or eight years to cause the removal from his land of a house wrongfully erected there, and which obstructs his way, is not an abandonment of such way. Otherwise, it seems, had he himself erected the house. — Rogert vs. Stewart, 5 Verm. 215
*197 A way is not lost, in Massachusetts, by non-user for less than twenty years.— Emerson vs. Wiley, 10 Pick. 310. — (2 Whart. 123.)
A plea of twenty years’ right of way, under 2 and 3 Will. 4, c. 71, is not defeated by proof of a temporary non-user under an agreement of the parties.—Payne vs. Shedden, 1 M. & Rob. 382.
One who receives a grant of the right to dig ore in another’s land, does not forfeit it by a mere neglect for forty years to exercise it, without any act of adverse enjoyment by the owner of the land. — Arnold vs. Stevens, 24 Pick. 106. — See Green vs. Chelsea, Ibid. 71. — F. H.]

 1 D. & E. 560.

 Corn. Dig., Proscription, E, 2.

 [As twenty years’ enjoyment of a right, unexplained, affords the presumption of e grant, so non-user for such a period, unless accounted for, affords that of a release or surrender of the right. — Mathews on Presump. — 2 Barn. & Ald 791. — 3 Barn. & Cresw. 339.—See Hoffman vs. Savage, 15 Mass. Rep. 130. — Ed.]