<div style="margin">CHITTENDEN,
*January*,
1840.
——
State
*v.*
Roe.</div>

---

## COLONEL SMITH *v.* LEWIS HIGBEE.

Where a new contract is of the same extent and of a higher nature than a former contract, it will always supersede or merge the former. If of less extent than the former, it will depend upon the intention of the parties whether it will supersede the former.

A right of way, which is reserved by the former owner of land, in order to the convenient enjoyment of other premises, will not pass by a conveyance of these premises, unless the person to whom the premises are conveyed is so situated as to claim the right of way as an appurtenance necessary to the enjoyment of the principal thing conveyed.

A right of way cannot be prescribed for, from mere use, where the use is otherwise satisfactorily explained.

THIS was an action of debt, in three counts.

In the first count the plaintiff alleged, in substance, that heretofore, to wit, on the 21st day of March, 1835, an agreement was made between the plaintiff and defendant, by which the defendant agreed to convey to the plaintiff, on the 23d day of March, 1835, the farm on which the defendant then lived, lying partly in Shelburne and partly in St. George, by a deed of warranty, except so much of said farm as the defendant held under a lease from the town of Shelburne, and of the part so held under said lease, the defendant was to give such a title as he then had from said town; and, in consi-

deration thereof, the plaintiff agreed, on his part, to pay the defendant four thousand dollars, as follows, viz : two thousand dollars in cash and good obligations of one thousand dollars each, to be signed by David Hill, &c., on the defendant's executing said deed or procuring said deed to be executed ; and if either party should fail to perform said agreement, the party so failing was to pay the other party five hundred dollars. And the plaintiff averred, that, on the 23d day of March, 1835, he fully performed said agreement, on his part, to the acceptance of the defendant, but that the defendant refused to execute or procure to be executed, a deed of said lands, agreeably to said agreement, and had caused Isaac Higbee, who had the title to said premises when said agreement was made, to give to the plaintiff a deed of said premises, reserving, by said deed to him, the said Isaac, a right of way to a quarry of stone on said Isaac's lands, over said lands so to be conveyed to the plaintiff, and wholly refused to give or to procure to be given, to the plaintiff, a deed according to said agreement.

The second count was upon the following bond executed by the defendant to the plaintiff.

" Know all men by these presents that I, Lewis Higbee, " of St. George, in the county of Chittenden and state of Ver- " mont, hereby bind myself in the penal sum of one hundred " dollars, to Colonel Smith, to whom I have this day sold " and deeded my farm, to pay the said Smith all damage " he may suffer in consequence of any legal claim which " Isaac Higbee may have, to go across said land to his ledge " lot.

" In witness whereof, I have hereunto set my hand and " seal this 23d day of March, A. D. 1835.

" Done in presence of ⎱        LEWIS HIGBEE." L. S.
    " Reuben Lockwood. ⎰

The plaintiff averred that he had suffered damages in consequence of the said Isaac's claim to a right of way across said lands to said ledge lot, he, the said Isaac, having, from time to time, since the 23d day of March, 1835, used said right of way, &c.

The third count becomes immaterial, as no evidence was offered in support of it.

Pleas, the general issue and several pleas in bar. Issues to the country.

CHITTENDEN,
*January,*
1840.

Smith
*v.*
Higbee.

Upon the trial in the county court, the plaintiff, to maintain the issues on his part, read in evidence the deposition of Calvin Solace, and a copy of a contract made between the plaintiff and defendant corresponding with the contract set forth in the first count in the declaration. The said deposition tended to prove the original contract ; that it was *signed* by the parties thereto, but *not sealed ;* that the original contract was lost and that said copy was a true copy of the original.

The defendant also read in evidence the bond declared upon in the second count, and the following described deeds ;—

A deed from Elnathan Higbee to Lewis Higbee, of the *locus in quo,* with other lands, dated Jan. 1, 1811. This deed contained a reservation, to the grantor, immediately following the description of the lands conveyed, in the following words : " Except I reserve unto myself, my heirs and " assigns, the right of a road across said land to my quarry " of stone ;"—

A deed from Elnathan Higbee to Isaac Higbee, of thirty four acres of land, described as part of lot No. 83, being a part of the ledge lot, so called, dated June 17, 1815, and in this deed the grantor made a reservation in the words following : "Except I reserve to myself, my heirs and assigns, the " privilege of going across said land to my quarry of stone " the same as though the land were my own ;"—

A deed from the said Elnathan to the said Isaac, dated April 18, 1825, in and by which deed the said Elnathan quitclaimed to the said Isaac " all the right, title, interest, estate, property and demand," which the said Elnathan had in and to lot No. 83, being the ledge lot, so called, and the lot east of it, except what he had before deeded to the said Lewis and Elnathan, estimated at twelve acres. (The plaintiff insisted that this deed gave the right of way, complained of, to the said Isaac ;)—

And a deed from Elnathan Higbee, Isaac Higbee and Lewis Higbee, dated March 3, 1835, of the land which the defendant, by said contract, agreed to convey or procure to be conveyed to the plaintiff. which deed contained a reservation in the words following : " And the said Isaac Higbee does not give " up any privilege of going across said land to his ledge lot

" which he was entitled to before said land was deeded to " him by Lewis Higbee."

The plaintiff then introduced a plan, representing the lands sold by the defendant to the plaintiff, described in the agreement and bond declared upon, and the land deeded by Elnathan Higbee to Isaac Higbee, and particularly the land over which the right of way was claimed, by the plaintiff, to exist in Isaac Higbee.

The following diagram shows the situation of these lands, so far as is necessary to explain the case.

Isaac Higbee's home farm, deeded to him by Elnathan Higbee.

Strip of plaintiff's land, 18 rods wide, over which plaintiff claims that Isaac Higbee has a right of way.

Isaac Higbee's ledge lot.

Stone quarry.

Land conveyed by the defendant and Elnathan and Isaac Higbee to the plaintiff.

The plaintiff also gave in evidence a deed from Elnathan Higbee to Lewis Higbee, dated January 26, 1810, conveying to said Elnathan the land represented in the above diagram as Isaac Higbee's home farm, and a deed from the said Lewis to the said Isaac, dated May 6, 1834, conveying to said Isaac the same lands conveyed by the said Elnathan, Isaac and Lewis to the plaintiff by their deed of March 3, 1835.

The plaintiff then introduced the said Isaac Higbee as a witness, who testified that he and Elnathan Higbee, his grantor, had claimed and used a right of way across the eighteen rod piece, marked upon the plan, for more than thirty years, for drawing stone, grain, and wood, and driving cattle, &c.

across from said Isaac's home farm, to the ledge lot, so called ; but the said Isaac further testified that he never had or claimed to have, any right of way across to said ledge lot, except such as he derived from the deed of Elnathan Higbee to himself ; and that seventeen or eighteen years since, he hired a right of way of his brother, Lewis Higbee, across the eighteen rod piece from his home lot to the ledge lot, for a number of years, and that he, the said Isaac, never claimed a right of way until after the execution of the deed from said Elnathan to himself, in 1825, and then, only, under and by virtue of said deed, and that the said Elnathan nor himself, ever claimed or used any particular right of way in any particular place across said eighteen rod piece to the stone quarry, but entered upon it at the high-way, and passed obliquely across it it to the ledge lot, but at different places, at different times, to suit their own convenience, as he supposed he had a right to do, and that Elnathan Higbee never used the right of way where Isaac crossed, after the plaintiff took the deed from Isaac, Lewis and Elnathan Higbee ; but he, the said Isaac, did, as often as he had occasion so to do.

The defendant introduced Reuben Lockwood, as a witness, who testified, in substance, that the deed from Isaac, Lewis and Elnathan Higbee, to the plaintiff, and the bond specified in the second count in the declaration, were executed at one and the same time, and that the plaintiff, at first, refused to accept the deed, because there was to be no exceptions of a right of way, by the terms of the contract, which was then in the hands of Mr. Solace, and that to provide against any damage to the plaintiff from the reservation of any right of way to Isaac Higbee, in the deed from the Higbees to the plaintiff, the bond was executed and delivered to the plaintiff, and the deed was then accepted by the plaintiff. The same witness further testified, on cross-examination, that he had no recollection that any thing was said, in particular, about the first agreement being satisfied or discharged ; that the written contract was not surrendered up, and neither was it present, it being, as the witness understood, then in the hands of Mr. Solace. No right of way was claimed, from the necessity of the case, it being admitted that no such necessity existed.

The plaintiff insisted, that, on the first count in the decla-

CHITTENDEN,
January,
1840.

Smith
v.
Higbee.

ration, he was entitled to recover the five hundred dollars therein specified, as stipulated damages, and, as to the second count, that the deed and copies, above referred to, with the evidence that Isaac Higbee had used a right of way across the eighteen rod piece, marked in the plan, to his ledge lot, entitled the plaintiff to recover for the damage he had sustained by reason of the said Isaac's using said right of way.

But the court, among other things, charged the jury, in respect to the first count, that, if they believed the testimony of Lockwood, the facts stated by him would be sufficient for them to infer therefrom a satisfaction or discharge of the first contract, then in the hands of Mr. Solace, and would operate as a merger of that contract, and that the plaintiff's remedy must be confined to the bond specified in the second count, and that he could not recover on the first count.

As to the second count, the court charged the jury, that, from the deeds given in evidence, Isaac Higbee had no legal right of way from his home lot, across the eighteen rod piece, to his ledge lot, as claimed by the plaintiff; and that the evidence in the case was insufficient to establish in the said Isaac Higbee a right of way, by prescription, across the said eighteen rod piece, and that, as the bond was given to indemnify the plaintiff against any damage which he might sustain in consequence of any legal claim which the said Isaac might have of a right of way across said land to his ledge lot, the plaintiff was not entitled to recover on the second count.

The jury, under the charge of the court, returned a verdict for the defendant, and the plaintiff excepted.

*Maeck & Smalley*, for plaintiff.

1. The bond taken on the 23d of March, 1835, did not merge the plaintiff's right of action for the breach of the original agreement, unless it were expressly so agreed, and whether it was so agreed or not, was a question of fact to go to the jury under quite different instructions from those given by the court.

2. The reservations contained in the several deeds of Elnathan Higbee to Lewis Higbee, and others, are good reservations, and did give Elnathan a good right of way to the lot.

3. When Elnathan sold Isaac the ledge lot, the right of way which Elnathan had to the lot passed by the deed as

much as the land itself, and all parties, it appears by the case, had given such a construction to it.

4. By the deed to plaintiff of March 23d, 1835, a right of way is reserved to Isaac Higbee. The court will observe that the title to the whole lands deeded to the plaintiff was then in Issac Higbee. This deed reserves a good right of way to Isaac Higbee, in whom was the title. Suppose Isaac Higbee was sued, by plaintiff, for using the right of way, what would the plaintiff have, to prove in order to charge him, or what would Issac have to prove in order to defend himself? Isaac would not have to prove an actual right of way, by grant or prescription, and if it should appear that Isaac had not passed over the lands otherwise than as he had been used and accustomed to do, before this land came into his hands, he would recover. The title being in Isaac on the 23d day of March, 1835, and the deed reserving a good right of way, the only question, would be whether Isaac had used the right of way differently from what he had previously used it.

*Hyde & Peck*, for defendant.

I. 1. Plaintiff cannot recover on the first count, without showing a tender of performance on his part.

2. The facts disclosed not only authorize the jury to presume a satisfaction in fact, but amount to satisfaction in law. Not only the evidence, but the declaration shows a delivery and acceptance of the deed under the contract, and the only breach assigned is the reservation of a right of way to Isaac Higbee. This acceptance is a waiver of all exceptions for causes known at the time; *Hotham* v. *East India Company*. 1 Doug. 272. *Wilkins* v. *Stevens*, 8 Vt. R. 214. *Beach* v. *Packard*, 10 Vt. R. 96; more especially when an equivalent is received, as in this case, by the acceptance of the land.

3. As the deed, and a bond at the same time, co-extensive with the breach of the simple contract, were accepted, it operates a merger of the simple contract.

4. If Isaac Higbee has no right of way, the reservation in the deed goes for nothing, and the deed is a literal compliance with the contract. Either of these grounds justify the charge.

II. To entitle the plaintiff to recover on the second count, he must show a perfect right of way in Isaac Higbee, and that he has been damnified by the lawful exercise of that right.

The deed to the plaintiff professes to reserve such right only as Isaac Higbee may have had at the date of Lewis Higbee's deed, to him, of May 6, 1834, at which time Isaac had no easement in the premises. He had gained no right by possession. To support such right, the enjoyment must be adverse, uninterrupted and under claim of right. A right of way, *ex vi termini*, imports a right of passing in a particular line, and the *termini*, that is, *terminus a quo et terminus ad quem*, must be shown in pleading and in evidence. The case shows a use from place to place at pleasure. Prescription rests on presumption of a grant, and any fact which rebuts this presumption defeats the right. The user commenced under a contract of hire, which excludes the presumption of a grant; nor did he make claim of right till 1825, but nine years before the deed to him from Lewis Higbee. 3 Kent's Com. 419. 5 Pet. Cond. R. 237, 241. Math. P. Ev. 324.

When a party claims, under a particular title, his occupancy is referred to such title, and, if invalid, it rebuts the presumption of any other grant. *Sparkman* v. *Porter*, 3 East, 301, 466-7. *Ricard* v. *Williams, et al.* 5 Pet. Cond. R. 237, 241. What circumstances amount to presumption of a grant, is matter of law, and it is the duty of the court to pronounce upon the sufficiency of the facts proved. 6 Paine, 416. 1 Paine, 457. Stark. Ev. 1243. 5 Peter's Cond. R. 237, 241.

The user is not evidence to enlarge or explain the deed. When the grant is equivocal and a latent ambiguity arises as to the odject of the grant, user of the parties, as well as other parol evidence, is admissible to show the identity of the thing granted; but, where the grant is certain, or there is a patent ambiguity, user is inadmissible. Of the former class, are the cases in 4 Day's R. 265. *Chad* v. *Tilsed*, 6 Com. L. 171. *Hodges* v. *Strong*, 10 Vt. R. 274. Of the latter class, are the cases in 5 T. R. 564, where user for ten years from the date of the deed, was held inadmissible. 6 Conn. R. 289. *Costelyou* v. *Brundt*, 2 Johns. R. 357. *Rich* v. *Elliott*, 10 Vt. R. 211. The right, then, if any, rests entirely upon the deeds. The way reserved to Elnathan by his deed to Lewis, of 1811, was not conveyed by Elnathan's deed to Isaac, of 1817, which conveyed 34 acres of land lying between the land over which the way is claimed, and the

"*quarry of stone.*" The conveyance of the intervening close, without reserving a right of way across it, would have extinguished the way reserved by the deed to Lewis, both as to Isaac and Elnathan ; but having reserved a right of way across this intervening close, by his deed of 1817, Elnathan kept perfect in himself, the way reserved by the deed of 1811, and conseqently no easement passed to Isaac, as it would prejudice the rights of Lewis, that Elnathan should enlarge the reservation, by granting to others the right of way in common with himself. *Wright* v. *Rattray*, 1 East, 376. *Dell* v. *Balethorpe,* Cro. Eliz. 300. 3 Kent's Com. 422. *Whalley* v. *Thompson*, 1 Bos. & Pul. 371. 3 Kent's Com. 419. Math. Pr. Ev. 325. 1 Taun. 279, 281. *Laughton* v. *Ward*, 1 Lutw. 40. 3 Cruise's Dig. 124, 125. *Howell* v. *Ring,* 1 Mod. R. 190.

No right of way was conveyed by Elnathan's deed of 1825. This is not a deed of all the grantor's right, title, interest, &c. in the whole tract, but in that portion only, not included in the deeds to Lewis and Isaac, or " not heretofore deeded from said lots," and the reference to these deeds is to fix the metes and bounds, and not to describe the estate or quantity of interest in the entire tract, otherwise the terms would have been, all his title and interest in the whole tract, without reference to the former deeds. The words, " estimated at twelve acres," though not conclûsive as to quantity, are matter of description, and show that a specified " *piece* or *parcel* of land," only, was intended to be conveyed, and that the reference to the former deeds is descriptive of the metes and bounds, and not of the estate or interest conveyed, as a right of way could not well be estimated by the acre. This construction gives effect to every part of the description. Upon the maxim then, *id certum est quod certum reddi potest*, the deed is of a specified piece of land, defined by metes and bounds, and, in such case, nothing out of the descriptive boundaries will pass. *Stores* v. *Freeman*, 6 Mass. R. 435. *Gayetty* v. *Bethune*, 14 Mass. R. 49. *Grant* v. *Chase, et al.,* 17 Mass. R.443. *Manning* v. *Smith*, 6 Conn. R. 289. *Clements* v. *Lambert*, 1 Taun. 206.

The cases tending to contradict, or rather limiting this principle are cases of a grant by a general name, with the privileges and appurtenances, when, whether parcel or not, is

matter of evidence; or cases of a way or easement of necessity, in which case the easement may pass by implication upon the maxim, *quando aliquis aliquid concedit, concedere videtur et id sine quo alius uti non potest*, or rather, the law gives the easement from the necessity of the case, but the necessity must be real, and of a right or thing, without which the grant would be useless; and even the right ceases with the necessity which creates it.   2 Bing. R. 76. (9 Com. L. R.)

In *N. Ipswich Factory* v. *Bachelder*, 3 N. H. R. 190, the deed, after describing the mill, added, " *with the water pri-* " *vileges and all other privileges annexed or belonging to* " *said premises ;*" and it was also found in the case that the race-way was necessary to the enjoyment of the mill.   The case of *Nicholas* v. *Chamberlain*, Cro. Jac. 121, was put upon the same grounds, and was a grant by a general name, besides, no judgment was rendered.   *Clements* v. *Collins*, 2 T. R. 500, was a case of a devise, where more latitude of construction is allowed, and turned, not upon the words of the particular devise, but upon the intention collected from the whole will.

The deed to Isaac Higbee, of 1825, does not contain the usual words, *privileges and appurtenances*, without which, most clearly, the easement would not pass.   *Higgins* v. *Grant*, Cro. Eliz. 18.   *Whalley* v. *Thompson*, 1 Bos. & Pul. 371.   Nor is the right of way appurtenant to the land, but a way in gross, personal to Elnathan Higbee, and would not pass without express words.

The opinion of the court was delivered by

REDFIELD, J.—It is in vain for the plaintiff to expect to recover upon the contract declared upon in the first count, under the circumstances proved in the case.   That contract was in writing, but not under seal, and was for the conveyance of the land described, free from all incumbrance.   Subsequently, the parties met and the plaintiff accepted a deed of the land, and, as some doubt arose in the mind of the parties, in relation to a claim which Isaac Higbee was supposed have to a right of way across the land, the plaintiff took the bond declared upon in the second count, for his indemnity against that claim.   It is very obvious, that the execution of the deed and bond, as it was a full performance of the first con-

tract, must have been so considered by the parties. The bond being a security of a higher nature, although of less extension in the present case, would merge the plaintiff's claim, so far as it did extend, and the remainder of the simple contract must be considered as fulfilled, by the deed, or abandoned by the plaintiff, unless very clear proof is adduced to show such was not the intention of the parties. There being no such proof given, the jury were well directed to find for the defendant on this count.

In regard to the second count, the bond declared upon only provides against a right of way in Isaac Higbee. This supposed right of way is across a narrow strip of land, (18 rods wide,) adjoining the "ledge lot;" and was first reserved by Elnathan Higbee, when he deeded the land to Lewis Higbee, January 1, 1811, in the following words: "Except that I reserve unto myself my heirs and assigns, the right of a road across said land to my quarry of stone." It is said, in argument, that this is not a good reservation. I apprehend, however, that the present well established doctrine upon that subject, as well as all other matters of construction, is, to treat all such questions as mere inquiries into the intention of the parties. In this view there can be little doubt this was a good reservation of right of way to Elnathan Higbee, his heirs, &c. *White* v. *Crawford,* 10 Mass. R. 183.

The only remaining question, is, whether this right of way passed to Isaac Higbee by the deed to him from Elnathan Higbee of the "ledge lot," dated April 8th, 1825. It appears by the case, that no such right of way existed, or was claimed in Isaac Higbee, as of necessity, or indispensable convenience to the enjoyment of the principal thing conveyed. In such case, the right of way might pass under the general term, "appurtenances," or even by implication, without the use of that term in the deed. When Elnathan Higbee conveyed this "strip" of land to Lewis Higbee, it was convenient that *he* should reserve a right of way across it to his other lands, which were thus cut off from his farm. But when he conveyed these other lands to Isaac Higbee, and not the principal farm, there was no necessity of granting to him this reserved right of way. It is true he did convey "all the right, title, interest and property or demand he had in or to the *land* described," but expressly excepted what he had before

that time conveyed to Lewis Higbee. This right of way existed, not in the land conveyed, but in that excepted from the conveyance, and was in no sense necessary or convenient to the enjoyment of the land conveyed to Isaac Higbee. It was not a thing appurtenant to the land conveyed, but existing, by way of reservation, in another piece of land. It is in vain, then, to pretend that it passed by the deed.

The fact that Isaac Higbee immediately claimed this right of way of Lewis Higbee, and was by him permitted to exercise it, will not aid the plaintiff. Lewis Higbee knew that a right of way existed, formerly, in Elnathan Higbee, and when he conveyed the land, for whose enjoyment that right of way was reserved, he might naturally conclude the right of way would also be conveyed; but, his permitting Isaac Higbee to use it does not tend to show that it was conveyed. It is only the acts of the *parties* to a deed or contract, which are ever permitted to be shown in order to fix the construction of the contract, and never, in that case even, unless it be to determine the sense in which the parties intended to use an equivocal term. 4 Day's R. 265. *Rich* v. *Elliot*, 10 Vt. R. 213. The result is that, although this right of way may exist in some one, it did not in the one against whose claim the bond provides an indemnification.

The plaintiff indeed claims, that Isaac Higbee had acquired title to this right of way, by prescription. But we do not well perceive any good basis for any such presumptive right.

Possession merely, as a ground of claim of title, must always be referred to the claim of right which the party makes at the time, and, ordinarily, a jury are not to presume a grant contrary to the rational probabilities of the case. "It is, says Mr. Starkie, 2, Ev. 672, (6 Ed.) a mere question of fact for the jury, under all the circumstances of the case, whether a conveyance has actually been made to the party in possession." *Fenwick* v. *Reed*, 7 Eng. C. L. 79. 5 B. & A. 232. The same doctrine is held in *Foley* v. *Wilson*, by Lord Ellenborough, 11 East, 56. And also by Mr. Justice Story, in *Ricard* v. *Williams*, 7 Wheat. 59. So also of Ch. Justice Parker, in *Gayetty* v. *Bethune*, 14 Mass. R. 49. Where the beginning and continuance of the possession is satisfactorily explained, short of presuming a grant, it is never done, perhaps, and, in the present case, where the

claim of the party in possession has all along been refer- CHITTENDEN,
red to a deed, which is finally shown to convey no right, January,
it would be rank absurdity to presume another independ- 1840.
ent grant, which was never pretended, but always prac- Smith
tically denied.    Paine's C. C. R. 457.                    v.
                                                           Higbee.

                                    Judgment affirmed.