## BENJAMIN F. LANGDON v. JESSE PAUL.

Where the plaintiff offered in evidence a sealed instrument, in which the defendant acknowledged that he had " signed " certain promissory notes, and the words " and executed " were interlined after the word " signed," it was held, that these words were immaterial, and that no explanation of the time when the interlineation was made could possibly be necessary.

Where the maker of certain negotiable promissory notes executed a sealed instrument, certifying " to all persons " that he had signed the notes, and waiving all benefit of the statute of limitations, and agreeing to pay the notes " the same as though the statute of limitations had not run upon them," it was held, that this instrument did not afford a remedy, by action upon it, co-extensive with the remedy by action upon the notes, and that it was evidently not the intent of the parties that it should supersede the notes, and that therefore it was not a bar to an action upon the notes, but could only be used in aid of such action.

It is no objection to a recovery upon promissory notes, that they were secured by mortgage, and that the mortgage has been foreclosed, and that the notes, with others secured by the same mortgage, were described in the bill of foreclosure, if it appear, that these notes were not presented to the master in chancery, upon the taking of the account, and were not included in the decree of foreclosure.   A mortgagee is not obliged to foreclose for all his notes.

ASSUMPSIT upon two promissory notes.   The defendant pleaded the general issue, and also the statute of limitations.   The plaintiff replied, that the action did accrue within six years.   Trial by jury, April Term, 1847,—HALL, J., presiding.

28

Langdon *v.* Paul.

On trial the plaintiff gave in evidence the notes declared upon; and also offered in evidence an instrument, under seal, executed by the defendant, which was in these words,—" To all persons to ' whom these presents shall come, I hereby certify, that six notes of ' $100 each, all payable to Francis Slason, or order, and all dated ' December 24, 1831, payable in one, two, three, four, five and six ' years from date, with annual interest, and also three notes of $100 ' each, all dated 16th March, 1835, payable to said Slason in one, ' two and three years, with annual interest, all the above notes signed ' *and executed* by me, the subscriber, and I hereby waive the statute ' of limitations on each and all of the aforesaid notes, and promise and ' agree to pay the same to the said Slason, or his order, the same as ' though the statute of limitations had not run on said notes, neither ' of said notes having been paid. In witness whereof I have here- ' unto set my hand and seal this 16th day of March, 1842; all of ' said notes is secured by mortgage on the premises I now live on." The notes in suit were among those described in this instrument. The words " and executed " appeared to have been interlined; and the defendant objected to the admission of the instrument for this reason; but the court, upon its execution being proved, suffered it to go to the jury, without explanation. The defendant also objected, that assumpsit would not lie upon the notes, but that the action should have been brought upon this sealed instrument, as being a security of a higher nature;—but the court overruled this objection.

The defendant then gave in evidence the records of the court of chancery; from which it appeared, that the plaintiff had brought a bill of foreclosure, founded upon three mortgages of the same prem- ises, in the first of which the notes now in suit were included, with others, and that these notes were described in the bill, and that the suit was litigated for a long time; but that these notes were not presented to the master by the plaintiff, on taking the account of the sum due upon the mortgages, and were not included in the decree of foreclosure. And the defendant insisted, that, the notes in ques- tion being included in the first mortgage, the orator could not now claim payment of them, as, in law and equity, when the mortgage was foreclosed and the land taken by the orator, it was the right of the defendant to have the land applied in payment of the notes and mortgage first executed. The defendant also claimed, that, the ora-

tor having litigated the notes in a court of chancery and taken a decree upon all the mortgages for the sum due in equity upon them all, if these notes were not included, the decree operated as a judgment against the orator upon the merits, and no action could be sustained upon the notes, while that decree remained in force.

The court directed the jury to return a verdict for the plaintiff, for the amount due upon the notes.   Exceptions by defendant.

*M. G. Everts* for defendant.

1.  The written instrument introduced by the plaintiff was inadmissible, without explanation,—it having been interlined.   *Jackson* v. *Osborne,* 2 Wend. 388.

2.  If admissible for any purpose, it is not evidence to take the case out of the statute of limitations.   If it is a valid instrument, it merges the right of action upon the notes, it being a security of a higher nature, co-extensive with the simple contract for which it was substituted.   Chit. on Cont. 783.   Chit. Pl. 103.   *Young* v. *Preston,* 4 Cranch 239.   2 Conn. 98.   *Codman* v. *Jenkins,* 14 Mass. 93.   *Twopenny* v. *Young,* 3 B. & C. 210.   5 D. & R. 262. *Drake* v. *Mitchell,* 3 East 258.   *Schaick* v. *Anthony,* 1 M. & S. 575.   *Weston* v. *Foster,* 2 Bing. N. C. 692.   *Dean* v. *Newhall,* 8 T. R. 168.   *Mott* v. *Harrington,* 12 Vt. 189.   When the contract under seal is co-extensive with the simple contract, the latter is merged, and the intention of the parties cannot be inquired into. *Smith* v. *Higbee,* 12 Vt. 113.

3.  The decree of the court of chancery is conclusive upon these notes.   *Chapman* v. *Smith,* 9 Vt. 153.   *Thrall* v. *Waller,* 13 Vt. 231.   1 Greenl. Ev. § 528.   There are three mortgages included in the decree; and the land has been appropriated by the plaintiff. He has become, then, the purchaser of the estate in satisfaction of the mortgage debt, and the law will apply the land in payment of the first mortgage.

*E. L. Ormsbee* for plaintiff.

The opinion of the court was delivered by

HALL, J.   It is objected, that the writing offered by the plaintiff ought not to have been admitted in evidence, without explanation of

the interlineation, which appeared upon it. It may be remarked, that the interlineation has every appearance of having been made at the time of the original draft of the instrument. But it is a sufficient answer to this objection, that the interlineation is of words altogether immaterial,—that the legal effect of the instrument is precisely the same without the interlineation, as with it. Chitty on Bills 206. *Hunt* v. *Adams*, 6 Mass. 519. *Nichols* v. *Johnson*, 10 Conn. 192.

It is farther objected, that the instrument produced by the plaintiff is to be considered as a merger of the plaintiff's cause of action on the notes, and that therefore the court should have instructed the jury to return a verdict for the defendant. It is undoubtedly a rule of law, that a simple contract security for a debt is extinguished by a specialty security for the same debt; and the reason given is, that the specialty is an instrument of a higher nature, and furnishes a better remedy than the demand before furnished. In *Smith* v. *Higbee*, 12 Vt. 113, it is said by the court, that " when a new contract is of the same extent with a former contract, and of a higher nature, it will always supersede, or merge, the former; and that, if it be of a less extent than the former, it will depend upon the intention of the parties, whether it supersede it."

There can be no doubt whatever in regard to the intent of the parties to this instrument. It was not designed to give the party an independent remedy for his debt; but its object most plainly was, to strengthen and keep alive the remedy upon the notes. It is not in the usual form of a contract with an individual, but is a general declaration of the signer of the notes, certifying, in substance, to all persons who were then, or might thereafter, become interested in the notes, that he would not plead the statute of limitations to them, but would remain liable for them to the same extent, as if the statute of limitations had not run upon them. It being apparent, that the whole object of the parties was to keep alive and strengthen the remedy on the notes, the question is, whether we are compelled by any stubborn rule of law to hold that the effect of the instrument shall be to defeat and overthrow that remedy.

In order to extinguish the former remedy, contrary to the apparent intent of the parties, the rule requires, that the remedy on the new security should be co-extensive with that on the old. On ex-

Langdon *v.* Paul.

amination of this instrument it will be found, that it would furnish no absolute remedy for the debt secured by the notes. It is not an absolute promise to pay, either the debt, or the notes, but is only a promise to pay the notes, *the same as though the statute had not run on them.* It leaves open to the defendant any defence going to the original consideration of the notes. The new agreement could not be declared upon as absolute evidence of a liability. It furnished the party no independent remedy for his debt. The subject matter of it was not the plaintiff's debt, but his notes; and it could only be used, as it was in this case, in aid of the remedy upon the former security. Besides, the old security was of a negotiable character; it might be transferred to and sued by any indorsee, and is now, in fact, sued by an indorsee. The new instrument is not negotiable; it can be enforced only by the party to whom it was delivered; and yet, by the very terms of it, it was evidently designed to preserve a remedy to the indorsee of the notes. The remedy upon it could in no sense be said to be co-extensive with that upon the notes. It is clearly collateral to them, and does not, therefore, merge, or extinguish, the remedy upon them. Chitty on Cont. 782. 1 Smith's Lead. Cas. 262. *Bank of Columbia* v. *Adm'r of Patterson,* 7 Cranch 299. *Twopenny* v. *Young,* 3 B. & C. 208. *Pring* v. *Clarkson,* 1 B. & C. 14.

We do not perceive any force in the objection to the plaintiff's recovery, arising out of the proceedings in chancery. The plaintiff, in his bill of foreclosure, must necessarily describe his mortgage given to secure these notes, with others; and in that description these notes would be included. But he was not obliged to foreclose for all his notes. He might withhold a part, and rely for their payment upon the defendant's personal responsibility. These notes were not presented to the master on taking the account, and not included in the decree; and we see no objection to the plaintiff's recovering them.

The judgment of the county court is affirmed.