This case is reported in Thompson’s Cases, pages 98-122, as an oral opinion, affirming' the decree of the chancellor giving the complainants the relief soug'ht. A statement of the case is given by Mr. Thompson, together with the brief of counsel for complainants, with a statement that the supreme court concurred substantially in the grounds assumed in the brief. Such cases are of not much value, and it is thought sufficient to give in substance what the court seems to have decided, without printing said statement and brief. The decision seems to be in substance that—
1. Dedication of streets, etc., to public use by sale by map.
Where a town is laid oil upon the bank of a navigable river into streets, sqiiares, and promenades, and no appropriation is made of the open space between it and the river, and the lots are sold by a map or plan with such open space left without name or designation, such space is by law dedicated to public use. [On the question of dedication, see 13 Pickle, 381; notes 10, 11 under sec. 1857 of the Code; notes 3, 4 under *69 sec. 1618 of the Code; 6 Peters, 430; 8 B. Monroe, 240; 1 Campbell, 226; 10 Peters, 662; 8 Wendell, 85, 105; 20 Wendell, 121; Smith’s Leading Cases, 140; 3 Vermont, 521, 527; 9 Yer., 390; 2 Hum., 543; 2 Smith’s Leading Cases, 94, 139, 208, 222; 11 East, 375; 11 Wendell, 487; 1 Hill (N. Y.), 189; 3 Kent Com., 450; 5 Wis., 467; 18 Wis., 35; 21 Wis., 607; 9 N. Y., 527; Washburn on Easements, 154, 137, 140; Angell on Highways, secs. 149, 150; 19 Pick., 405; 22 Pick., 75; 22 Texas, 94; 35 N. H., 303; 24 Conn., 236; 23 N. Y., 66.]
2. SAME. Dedicators trustees for public till somebody is capable of taking.
If the dedication is made to the public before the town is incorporated, and there is nobody capable of taking the property, the dedicators are regarded as trustees until there is somebody capable of taking- it, and as such trustees they cannot destroy the rights of the public in the dedicated property. [8 B. Monroe, 238; 1 Yer., 338; 1 Peters, 309; 6 Wheaton, 498; 12 Johns., 344; 6 Dana, 176; 2 Story’s Eq. Jur., secs. 1257, 1258; 8 Peters, 436; 2 Peters, 566.]
3. SAME. Not lost by nonuser or statute of limitations.
Where such dedication is made, it cannot be lost or forfeited by nonuser by the public, and adverse holding by the dedicator. The statute of limitations will not run against a city as to imblic rights. [See on this question, note 5 under sec. 1618 of the Code; notes 42, 43 under sec. 1924 of the Code; 2 Hum., 543; Cro. Jac., 446, case 25; 2 Barn. & Ald., 662; 3 Cruise Dig., 105, sec. 21; 10 Mass., 183; Comyn’s Dig., Praescription, E. 2, 10; 8 Peters, 725; Selwyns, N. P., 1362, 6 Peters, 436-438; 12 Wheaton, 582; 2 Smith’s Leading Cases, 143; 4 Paige, 510; 10 Peters, 720.]
4. RES JUDICATA. Parties in interest must be the same.
Where persons owning land adjacent to such dedicated property, but having- no community interest with the public interested in such dedicated property, file a bill upon their own behalf, and in behalf of such public, against the dedicators then claiming adversely to the public, to have such property declared public property, and their bill is dismissed and a decree is rendered in favor of the dedicators as private claimants, such adjudication cannot be pleaded as res judicata to the suit of parties other than said named or active complainants. [See on this question, 1 Brockenborough, C. C. R., 122; 1 Washington, 417; 2 Bacon’s Works, 486, 11th ord.; 1 Starkie, 213; 1 Green. Ev., sec. 524.]