## FRANCIS E. PRATT *vs.* AMARIAH SANGER.

A deed to " M., his heirs and assigns," of a parcel of land (described) with the buildings thereon; " granting to the said M. the right to pass and repass to my well for water; " *habendum* " the aforegranted premises to the said M., his heirs and assigns," gives M. a right, in fee, to pass by a reasonably convenient and direct path to the well on the adjoining land of the grantor, if there be no other well or pump used in connection with the land granted; and such right will pass by like words in a deed from M. of the same land.

Sections 27–29 of *St.* 1852, *c.* 312, authorizing a plea in abatement to be made by answer, do not extend the time for filing a plea in abatement, nor authorize a defendant to answer in abatement and to the merits at the same time and in the same answer.

ACTION OF TORT for obstructing a foot path leading from the back door of the plaintiff's house to a well upon the adjoining

land of the defendant. The parties submitted to the decision of the court the following case :

On the 4th of February 1846 the lands, now owned by the plaintiff and defendant, constituted one close, owned by Edmund Jones, who on that day granted to " Isaac Mixter, his *heirs and assigns,* a certain tract or parcel of land lying and being in Wilbraham," by metes and bounds, (being the lot on which the plaintiff's house stands,) " together with the buildings thereon standing; granting to the said Mixter the right to pass and repass to my well for water. *To have and to hold the aforegranted premises to the said* Isaac Mixter, his *heirs and assigns,* to his and their *use and behoof forever.*" The words in italics were printed in the deed; the other words above quoted were written. On the 2d of April 1850 Mixter conveyed to the plaintiff by precisely similar words, even saying " my well." There is not, and never has been any other well or pump connected with the plaintiff's house.

At the time of the conveyance from Jones to Mixter, the ground between the plaintiff's back door and the well was used as a garden; after that conveyance Jones set out a row of currant bushes upon each side of the path leading from that door to the well; and the path so remained and was used without obstruction till the 10th of April 1850, when Jones conveyed the land now owned by the defendant to Luther H. Bliss. At different times, before the deed to Bliss, Mixter and those occupying under him contributed towards building and keeping in repair the well curb, house over it, buckets and chains. After the conveyance to Bliss, the currant bushes were taken away, and the path ploughed up ; but no other obstruction was made to the passage between the plaintiff's house and the well. On the 2d of September 1852 Bliss conveyed to the defendant. All the deeds above mentioned are deeds of warranty. No mention of the well is made in the deed from Jones to Bliss, or in that from Bliss to the defendant. The defendant, after the conveyance to him, built a high and strong board fence on the line between his land and the plaintiff's, entirely shutting up the foot path, and compelling the occupants of the plaintiff's house to go

out of the front door of the plaintiff's house into the street, and through the defendant's yard to his well, being a circuit of one hundred and thirty feet from the plaintiff's front door, or about four times the distance by the path from the back door to the well; and refused to allow them to go by that path.

The defendant, in his answer, which was filed on the second day of the second term, pleaded that his name was Amariah D. Sanger, and not Amariah Sanger, and therefore that he ought not to be held to answer to the plaintiff's writ.

*C. A. Winchester*, for the plaintiff.

*E. W. Bond*, for the defendant.

BIGELOW, J.    The office of the habendum in a deed is to declare and fix the nature and extent of the interest or title conveyed by the premises. It may define, enlarge or diminish the estate granted. Thus, where no estate is limited in the premises, and an express estate for years is declared in the habendum, this will operate to qualify and abridge the general intendment of the premises, by which an estate for life would otherwise have passed.    Co. Lit. 183 *b.*    *Buckler's case,* 2 Co. 55.    So, if lands are given in the premises to A and his heirs, which would vest a fee, *habendum* to A and heirs of his body, this will vest only an estate tail in A.    8 Co. 154 *b.*    So too, an estate granted to A for life, *habendum* to him and his heirs, vests in A a fee simple.    Co. Lit. 299 *a.*    4 Cruise Dig. tit. 32, *c.* 21, §§ 80–84. *Sumner* v. *Williams,* 8 Mass. 174.    *Corbin* v. *Healy,* 20 Pick. 514.

These authorities are decisive of the construction to be given to the deed from Jones to Mixter.    Although, in the premises, the right of way to the well is granted to Mixter only, without any words of limitation, which by itself would pass only a personal right, yet the habendum is in terms applicable to the " aforegranted premises," which include the right of way, and is made to the grantee, " his heirs and assigns."    This fixed and declared the title to the easement, as well as to the parcel of land described in the premises, and passed a right of way to the grantee absolutely, as appurtenant to the land conveyed, which he could well grant by deed to the plaintiff.    *White* v. *Crawford,* 10 Mass. 183, *Kent* v. *Waite,* 10 Pick. 138.

The deed is capable of no other construction, unless the ha-bendum can be limited in its operation to that part of the premises which describes the lot of land exclusive of the right of way. It would require very clear and explicit language to control and restrain the usual and proper office of this part of a deed, and confine it to a part of the thing granted. We can see no reason for supposing that the parties to this deed intended so to limit it. On the contrary, looking at the subject matter of the grant, we think a different intention may be fairly inferred. It was a conveyance of a small parcel of land with a dwelling house thereon, to which there was no well or pump attached. It was therefore natural and reasonable to make a right of way to the well, which was situated in adjoining premises belonging to the grantor, and very near the dwelling house, appurtenant to the estate granted. Nor is there any thing in the facts of the case which shows that the relation of the parties at the time of the grant, or the circumstances under which the conveyance was made, were such as to render it probable that the right of way was intended to be personal only in the grantee, and not for the benefit of the estate conveyed by the deed.

The sole ground on which it is urged that the easement was not intended to be appurtenant to the estate is, that in the premises the land is conveyed to Mixter, his heirs and assigns, while in the grant of the way these words of limitation are omitted. But we do not think this omission sufficient to control the express words of the habendum. *Expressum facit cessare tacitum.* Besides, on looking at the original deed, it appears that the words "heirs and assigns" in the premises were not written by the scrivener, but were printed in the blank form of deed, on which the conveyance was written, in that portion of the premises immediately following the space left for the name of the grantee. We think therefore that the insertion of these words in the grant of the land, and their omission in the grant of the right of way in the premises, were not matter of design, and cannot be held to indicate an intent contrary to other parts of the deed.

The easement granted in the present case was not in a way

actually existing at the time of the grant, nor was it definitely fixed by the deed.   The rule of law in such cases is well settled. The grantee has a right to such way as is reasonably necessary and convenient for the purposes for which it is granted.   He cannot claim, as a matter of right, to go in the most direct line to a given point, without regard to other circumstances affecting the rights and interest of the owner of the premises; nor can he be compelled by the mere caprice of the owner to go by a circuitous and indirect route.   *Farnum* v. *Platt*, 8 Pick. 339.   *Atkins* v. *Bordman*, 2 Met. 467.   The acts of the parties in the present case do not, in our opinion, show such a location of the way to the well as to fix and designate it in any particular line or path. But it does satisfactorily appear that the defendant has cut off all access to the well by any reasonable and convenient way. He is therefore liable in this action for disturbing and obstructing the plaintiff in the enjoyment of the easement to which he is entitled under his grant from Mixter.

The plea in abatement was filed too late.   At common law, pleas in abatement must be filed within four days after appearance or delivery of the declaration. ˙ Impey Pract. C. B. (6th ed.) 228.   3 Chit. Gen. Pract. 711.   By our practice it was always necessary to plead in abatement before a general imparlance, which, unless time was granted by the court, was required during the first term. ˙ *Campbell* v. *Stiles*, 9 Mass. 217.   *Coffin* v. *Jones*, 5 Pick. 61.   *Simonds* v. *Parker*, 1 Met. 508.   The practice act, *St.* 1852, *c.* 312, makes no change in this respect.   It only provides that matters in abatement may be taken advantage of by answer, instead of by a formal plea.   §§ 27–29.   But it does not allow a party to plead in abatement and to the merits at the same time and in the same answer.   On the contrary, it expressly provides, § 29, that if an answer in abatement is overruled, or the plaintiff amends his writ in consequence of the answer in abatement, the defendant shall answer to the merits within such time as the court shall order.            *Defendant defaulted.*