BENEDICT and others *against* GAYLORD.

Where the grantor in a deed described the premises, in the first place, by fixed, known and visible metes and bounds, as well as by corresponding courses and distances, and then added a further description, bounding the land, on its several sides, by the adjoining proprietors; and the grantee claimed land within the latter description, which was excluded by the former; in an action of ejectment against him for this land, it was held, 1. that the intention of the parties apparent from the deed, was not, by different descriptions of the premises, to convey different parcels of land, but one and the same parcel; 2. that the additional description being of less certainty than the preceding one, was controuled by it; 3. that parol evi-

dence was inadmissible to shew, that the grantor intended to convey the demanded premises.

*Litchfield,*
June, 1836.

Benedict
*v.*
Gaylord.

THIS was an action of ejectment for a tract of land in the *Easterly* part of the town of *Norfolk,* containing about twenty-four acres.

The cause was tried at *Litchfield, February* term, 1836, before *Church,* J.

It was admitted on the trial, that on the 15th of *July,* 1829, the plaintiffs owned a tract of land in the *Easterly* part of *Norfolk,* containing parcels, called in the survey, *pitches* Nos. 1 and 2, and the *West* part of *pitches* Nos. 3 and 4 ; and that they continue to own this property, except so far as it has been conveyed to the defendant, by the deeds about to be mentioned. At the same time, *Samuel Cowles* owned, and has ever since owned, the *Eastern* part of pitches Nos. 3 and 4, containing thirty acres. On said 15th of *July* 1829, *Noah B. Benedict,* Esq., then in full life, since deceased, and *Harriet J. Benedict,* then his wife, one of the plaintiffs, executed a deed, conveying to the defendant "an equal, undivided moiety of a certain piece of land, situated towards the *South-Easterly* part of the town of *Norfolk,* and *Southerly* or *South-westerly* of the *Greenwoods* turnpike ; beginning at the *North-west* corner of the same, at a stump and stones, and running *East* $\frac{1}{2}$° *North,* 14 rods, to heap of stones on blue rock ; then *North* $\frac{1}{2}$° *West,* one rod, to heap of stones by highway ; then *East* 18° *South,* 44 rods, to heap of stones, by a beach, near a spring ; then *East,* 18° *South,* 58 rods, to beach and stones ; then *South,* 15° *West,* 100 rods, to stake and stones ; then *West,* 18° *North,* 58 rods, to heap of stones ; then *West,* 15° *North,* 54 rods, to a couple of maples in the branch ; then to the first bounds ; containing 68 acres, 2 roods and 32 rods, be the same more or less ; bounded *North* on *Elon Maltbie's* land and *Wilcox Phelps'* land; *East* on *Samuel Cowles ; South* on *James Humphrey,* and *Pliny Foot,* and *Moses Grant ; West* on *E. Maltbie.*" The other plaintiffs have since executed to the defendant deeds in all respects corresponding with this deed. It was admitted, that they comprehended pitches Nos. 1 and 2. The defendant claimed, that in addition to pitches Nos. 1 and 2, the deeds comprehended the demanded premises, *viz.* the *West* part of pitches Nos. 3 and 4, being in quantity 21 acres and 47 rods. This

the plaintiffs denied.    Pitches Nos. 1 and 2 contained in fact 69 acres and 108 rods of land ; and all the monuments specified in the deeds, existed at the execution thereof, and still exist, in the corners and lines of pitches Nos. 1 and 2 ; particularly, the beach tree and stones, specified in the deeds, are to be found in the *North-east* corner of pitch No. 2 ; and no such bounds and monuments are to be found at the *North-east* and *South-east* corner of said piece of 21 acres and 47 rods.    The courses and distances specified in the deeds correspond, substantially, with the actual courses and distances of the lines of pitches Nos. 1 and 2 ; and the monuments and bounds, together with the courses and distances and quantity of land, will exclude the tract in question.    The description in the deeds in these words : " bounded *North* on *Elon Maltbie's* land and *Wilcox Phelps'* land ; *East* on *Samuel Cowles ; South* on *James Humphrey* and *Pliny Foot* and *Moses Grant ; West* on *E. Maltbie*," is a true description of a parcel of land then owned by the plaintiffs and included in pitches Nos. 1 and 2 and the demanded premises.

The defendant, for the purpose of shewing, that the parties intended that the demanded premises should pass by the deeds, offered a witness to prove, that the defendant bargained for and purchased pitches Nos. 1 and 2, and the premises in question, of *Noah B. Benedict*, Esq., and that some time after the execution and delivery of the deeds, he declared, that such was the contract of the parties, and that he supposed that the deeds passed the title thereto.    To this testimony the plaintiffs objected ; and the judge excluded it.

The judge charged the jury, that the courses, distances and fixed and known monuments, as described and contained in the deeds, ought to controul the more general and indefinite description of the land, *viz.* that which describes the land as bounding upon the adjoining proprietors ; and that if the jury should find, that the land included within and described by the courses, distances and fixed and known monuments, excluded the demanded premises, they ought to return a verdict for the plaintiffs.    The jury returned a verdict for the plaintiffs accordingly ; and the defendant moved for a new trial.

*L. Church*, in support of the motion, contended, 1. That the description of the land bounding it on adjoining proprietors,

being more certain than that by courses and distances, is to be adopted. *Belden* v. *Seymour* & al. 8 *Conn. Rep.* 19. 25. *Jackson* d. *Butler* v. *Widger*, 7 *Cowen* 723.

2. That as one of the two descriptions must be rejected, that which is most favourable to the grantee, shall be adopted.

3. That the evidence offered standing well with the more particular abuttals on the adjoining proprietors, should have been received ; otherwise these words would, as the case may be, have no operation. 1 *Phill. Ev.* 412. *Radford* v. *Southern*, 1 *Mau. & Selw.* 299. *Doe* d. *Humphreys* v. *Roberts*, 5 *Barn. & Ald.* 407. (7 *Serg. & Lowb.* 150.) 1 *Sw. Dig.* 122.

*T. Smith*, contra.

CHURCH, J. Without going into so minute a detail of facts and description as is contained in this motion for a new trial, it will be sufficient, as to the first question suggested, to state, that it was agreed, on the trial, that the operation of the deeds of conveyance from *Benedict* and others, was, to convey to the defendant *pitches* Nos. 1 and 2, and which in said deeds were described by fixed, well ascertained and visible metes and bounds, as well as by corresponding courses and distances. And the plaintiffs claimed, that no other land was conveyed, by the deeds in question.

The defendant is in possession of the demanded premises, consisting of twenty-one acres and forty-seven rods more of land, in addition to said pitches Nos. 1 and 2, claiming title under the same deeds and under the last language of description, as land bounded on its several sides, by the adjoining proprietors named in said deeds, while he agrees, that this is excluded, by the first description, that of metes and bounds, &c.

It is apparent from an inspection of these deeds, that the parties did not intend, by different descriptions of the granted premises, to convey different and additional parcels of land, but intended to describe the same land. The question is, which description shall controul ? The case of *Belden* v. *Seymour*, 8 *Conn. Rep.* 19. recognizes the well established and governing principle, in cases of this character ; but whether the principle was correctly applied, in that case, is not equally obvious. The principle is, that the least certainty of description in deeds

must yield to the greater certainty, unless the apparently conflicting descriptions can be reconciled. *Preston's* heirs v. *Bowmar,* 6 *Wheat.* 580. *Milling* v. *Crankfield,* 1 *McCord* 258. 261. 4 *Kent's Com.* 455. *Pernam* v. *Wead,* 6 *Mass. Rep.* 131. *Doe* d. *Humphreys* v. *Roberts,* 5 *Barn. & Ald.* 407. (7 *Serg. & Lowb* 150.) No effect can be given to, and no extension can be made of, the first description by metes and bounds, so as to include the 21 acres, and 47 rods of land claimed by the defendant under the second description. And it is equally certain, that no effect can be given to the second description, without controuling the first.

The first description given of the land intended to be conveyed, is as certain as it well can be: known, visible and well ascertained monuments, the most important of which are natural and permanent, are referred to and described. These correspond, with all reasonable precision, with the courses and distances given, and ascertained by actual survey; and as confirmatory of the whole, the quantity of land expressed is found to be correct. It was insisted in argument by the defendant, that the second or additional description was of equal certainty. But this is obviously unfounded. The limits of another's land referred to generally, without particularity of description, or known and certain boundaries, are descriptions of great uncertainty, and can only be rendered certain, by investigation and survey. The charge of the judge at the trial, is clearly supported by principle, as applicable to the facts in the case.

But the defendant insists, notwithstanding, that parol evidence should have been admitted, for the purpose of proving, that the parties to these deeds intended to convey the tract of 21 acres and 47 rods, and supposed it was embraced in the first and particular description. If the two descriptions in these deeds had been equally certain, as the defendant claimed, it might have been contended, that a latent ambiguity existed, which might be explained, by parol; but we have already seen, that this is not true. Nor was parol evidence necessary to give effect to the deeds, and save them from entire failure; nor to show whether the demanded premises were parcel or not of the premises conveyed. If such had been the object of the evidence offered, the authorities cited by the defendant, are very conclusive to prove it admissible. But on the contrary, the only effect of the parol evidence offered, was, to controul the legal construc-

*Litchfield,*
June, 1836.

tion and effect of the deeds, in manifest violation of well settled principles of the law. 1 *Ph. Ev.* 412. 3 *Stark. Ev.* 1026. *Doe* d. *Freeland* v. *Burt,* 1 *Term Rep.* 701. *Radford* v. *Southern,* 1 *Mau. & Selw.* 299. *Doolittle* & ux. v. *Blakeslee,* 4 *Day* 265. 1 *Sw. Dig.* 122.

A new trial ought not to be granted.

The other Judges concurred in this opinion.

New trial not to be granted.