WRIGHT et al. v. COCHRAN.

Where the descriptive words in a deed are free from ambiguity, and clearly designate the land granted, and are followed by an alternative and disjunctive clause designating no particular land, such alternative clause may be regarded as surplusage, and will not impair the deed.

ERROR to Lee District Court.

Opinion by GREENE, J.  This was an action of right, commenced by W. J. Cochran against C. H. Wright and others, for ten acres of land in Lee county.  Plea, general issue.  Verdict and judgment for plaintiff.

On the trial, the plaintiff established his title under the judgment in partition of the Half Breed lands, and introduced a deed from a party to that judgment.  The only question raised in this court, is in relation to the description of the land, as contained in the deed.  The land is very clearly designated in terms established for the description of lands by U. S. government survey, and after such designation, the description continues as follows: "On an amount of land, equal in quantity or value as above described in the interest of M. Gonville, in the Half Breed tract, in said county and state."  It is objected that this description is in the alternative; that the deed is therefore void, and should not have been admitted in evidence.  We regard the alternative, or concluding clause of the description, as vague and uncertain.  But how can that circumstance impair the validity of the antecedent description which is clear and positive?  That description is complete in itself, is free from ambiguity, and should not be effected by the disjunctive and vague surplusage which follows.

That which is indefinite or vague in a deed, should always yield to that which appears certain.  4 Cruise Dig., 300, § 7; 6 Cow., 281; 7 John., 217.  So where there are

two clauses in a deed, in which the latter is repugnant to the former, the former shall prevail. 4 Cruise Dig., 300, § 8.

Where a deed may inure in different ways, the person to whom it is made shall have his election. 3 John., 375; 4 Cruise Dig., 313, § 49.

Besides, the rule prevails universally that courts, in construing a deed, will not effectuate the intentions of the parties, and will exclude words repugnant to that prevailing intention. 4 Cruise Dig., 295, § 2; 10 Mass., 183; 2 Hill. Abt., 392, § 1; ib., 325, § 15; 16 Pick., 435; 11 Conn., 332; 7 Verm., 100; 2 Hor. J., 112; 2 New Hamp., 536; 3 Pick., 272; 19 John., 449.

From these, and other authorities, to which we have referred, the propriety of rejecting the concluding alternative description in the present deed, and of giving full force to that description which is definite and clear, cannot be questioned. We conclude, then, that the court did not err in admitting the deed in evidence in support of the plantiff's title.

Judgment affirmed.

*J. C. Hall*, for plaintiff in error.

*Geo. C. Dixon*, for defendant.