MATTHEW G. ELLIOTT *vs.* JOSIAH A. WEED.

The defendant conveyed to the plaintiff by warranty deed a tract of land de-scribed as bounded "North on F. Street 189 feet, East on land of *P* 147 feet, South on lands of *W* and *P*, in all 189 feet, and West on land of *W* 147 feet." The distance between the land of *P* on the east and that of *W* on the west was only 184 feet. In an action for breach of the defendant's covenant that he was seized of the land described, it was held—

1. That parol evidence was not admissible on the part of the plaintiff, that the defendant, at the time the deed was executed, proposed to describe the north and south lines as "190 feet more or less," and that the plaintiff refused to accept a deed so drawn and told the defendant to fix on such a number of feet as he was willing to warrant, and that the defendant then drew the deed as above.

2. That the description of the land as bounding on *P* on the east and on *W* on the west was to be regarded as one of greater certainty than the description of the north and south lines by their length, and that therefore the former description controlled the latter.

3. That the deed therefore did not show a clear intent to convey exactly 189 feet of land, and that consequently the covenant of seizin was not to be taken as applying to that quantity.

COVENANT, for a breach of the covenant of seizin; brought to the Court of Common Pleas of New Haven County, and tried to the court on the general issue before *Stoddard, J.* The court found the following facts:

One Hitchcock was the owner in 1871 of a large tract of land in the city of New Haven bounding north on Foote street, four hundred and eighty-three feet, and embracing the parcel in question in the present suit. He afterwards sold and con-veyed a part of this tract, to the extent of one hundred and ninety-four feet on Foote street; and still later another part, one hundred and four feet and eight inches on Foote street; and finally sold and conveyed all the remainder to the defend-ant, this conveyance being made prior to August, 1873. On the 6th of August, 1873, the defendant exchanged the part of this tract purchased by him, with the plaintiff, for another tract of land, and executed and delivered to the plaintiff a warranty deed, with the usual covenants of seizin, of the Foote street lot. This deed described the land conveyed as follows: "A certain piece of land situate in the city of New

Haven, and bounded as follows, viz: northerly on Foote street, one hundred and eighty-nine feet; westerly on land of George W. Goodsell, one hundred and forty-seven feet; southerly, in part by land of F. Wagner, and in part by land of H. P. Hoadley, and now of Edwin Potter, in all one hundred and eighty-nine feet; easterly by land now or formerly of William T. Porter, one hundred and forty-seven feet."

The land was worth at this time about $6,500. The entire tract within the boundaries given was owned by the defendant and legally passed by the deed to the plaintiff, but the north and south lines were in fact only one hundred and eighty-four feet between the adjoining owners on the east and west, and the defendant owned only to the extent of that number of feet.

The plaintiff claimed to recover for the number of feet that the land was deficient upon Foote street, on the ground that the defendant covenanted by his deed that he had good title to the exact quantity of land mentioned in the deed; but the court overruled the claim, and held that, as the defendant had conveyed to the plaintiff a good title to all the land within the boundaries mentioned in the deed, he was not liable for any deficiency of the line upon Foote street.

In the course of the trial the plaintiff offered to show, as explanatory of the intent of the parties, that the defendant at the time of the sale of the land represented to the plaintiff that he had measured and owned in the tract of land one hundred and ninety feet, less two or three inches, and that he proposed to insert in his deed "one hundred and ninety feet more or less on Foote street and on the rear," but that the plaintiff refused to accept a deed with such a clause in it, and told the defendant to embrace definitely in his deed as much land in feet and inches as he was willing to warrant title to and defend, whereupon the defendant fixed the number of front feet at one hundred and eighty-nine, and the plaintiff took the conveyance upon that basis and that alone. The defendant objected to the proof offered, and the court excluded it.

The court having rendered judgment for the defendant, the

plaintiff moved for a new trial for error in the exclusion of the parol evidence offered, and also brought the record before this court by a motion in error, assigning as error the ruling of the court that the defendant did not covenant in his deed that he was seized of the entire one hundred and eighty-nine feet of land in front and rear.

*L. E. Munson*, for the plaintiff.

The question before the court was, which description in the deed should control—the quantity definitely fixed at 189 feet, or the invisible and imaginary boundary lines of adjoining proprietors. The rule that known, visible and fixed monuments will control courses and distances, has no application to the case at bar, for none such were referred to in the deed, and none in fact existed on the land. There being, then, no fixed visible monuments to control the quantity, as expressed in the deed, the court must give it effect according to the intent of the parties.

1. The parol evidence offered and excluded by the court, was admissible for the purposes for which it was offered. It was not offered to contradict or vary, but to make certain the terms of the deed according to the intent of the parties, and to show that that intent was consistent with the quantity as expressed in the deed. *Baldwin* v. *Brown*, 16 N. York, 361.

2. A deed is to be so interpreted and construed as to give it effect according to the intent of the parties, and the rule to find the intent is to give effect to those things about which men are least liable to mistake. *Benedict* v. *Gaylord*, 11 Conn., 333; *Nichols* v. *Turney*, 15 id., 101; *Worthington* v. *Hylyer*, 4 Mass., 196; *Davis* v. *Rainsford*, 17 id., 210; *McIver* v. *Walker*, 9 Cranch, 178; *Jackson* v. *Marsh*, 6 Cowen, 282; *Lush* v. *Druse*, 4 Wend., 319; *Clark* v. *Wethey*, 19 id., 320; 1 Greenl. Ev., § 301 and note. The general rule that known and visible monuments will control courses and distances is a rule founded in good sense and is in harmony with the claims of the plaintiff in this suit. Why control? Because they are fixed, visible, certain, as contradistinguished from uncertain, invisible, imaginary lines of adjoining propri-

etors. In *Benedict* v. *Gaylord*, 11 Conn., 334, the court say: "The courses and distances and fixed monuments, as described and contained in the deeds, ought to control the more general and indefinite description of the land, viz: that which describes the land as bounding upon the adjoining proprietors. The limits of another's land, referred to generally, without particular description or known and certain boundaries, are descriptions of great uncertainty." The greatest certainty in this deed is the certainty of quantity, definitely fixed at 189 feet, and the least certainty is the uncertain lines of adjoining proprietors resting in vacant land, and undefined by either natural or artificial metes or bounds.

3. A deed should be construed, other things being equal, most strongly against the grantor. *Marshall* v. *Niles*, 8 Conn., 369, 374. The defendant, by inserting in his deed 189 feet as a definite, fixed quantity, front and rear, should be held to have warranted that quantity, and to answer for the deficiency. Judge Bronson, in giving the opinion of the court in *Greenvault* v. *Davis*, 4 Hill, 648, uses this language: "When he inserted the consideration and covenant in his deed, he virtually said that he would stand bound to that extent that the title should not fail. The plaintiff acted upon that assurance and parted with his money; and the defendant should not now be heard to gainsay the admission. It is against good conscience and honest dealing to set up this defense, and the defendant is estopped from doing it."

*J. D. Ballou*, for the defendant.

1. There being no latent ambiguity in the deed, and this not being a suit to reform the instrument, the plaintiff can not show that the contract was, or should have been, different from its expressed terms.

2. It is well settled, in this state at least, that the covenants in a deed extend only to land embraced within such terms of the description as are of the greater, and therefore controlling certainty, and that the degrees of certainty are as follows, beginning with the highest, viz: 1st. Known and fixed monuments; 2d. Metes and bounds, (nearly synony-

mous with the first); 3d. Courses and distances; 4th. Expressed quantity. Bouvier Law Dict., *Boundary;* 3 Washb. R. Prop., book 3, ch. 5, sec. 4, arts. 39, 40; *Belden* v. *Seymour*, 8 Conn., 19; *Higley* v. *Bidwell*, 9 id., 451; *Chatham* v. *Brainerd*, 11 id., 85; *Nichols* v. *Turney*, 15 id., 108.

3. One parcel of land itself may be a monument to determine the boundary and limit of another. 3 Washb. R. Prop., book 3, ch. 5, sec. 4, arts. 40, 44; *Belden* v. *Seymour*, 8 Conn., 27, 30; *Nichols* v. *Turney*, 15 id., 104, 109.

CARPENTER, J. The first question in this case arises on the motion for a new trial. The plaintiff, for the purpose of showing that the defendant intended by his deed to warrant that the premises conveyed should measure one hundred and eighty-nine feet on Foote street, offered parol evidence to prove a conversation between the parties at the time of the sale. This evidence was rejected and the plaintiff excepted.

It does not appear that this evidence was offered for the purpose of explaining any latent ambiguity, nor for the purpose of applying the description in the deed to the premises. On the contrary it does appear that it is a bald case of offering parol evidence the only effect of which is to control the legal construction of the deed. For that purpose it was obnoxious to the familiar rule that parol evidence is inadmissible to vary or explain a written instrument. *Benedict* v. *Gaylord*, 11 Conn., 332.

The remaining question arises on the motion in error.

The defendant conveyed to the plaintiff a piece of land describing it as follows: bounding "northerly on Foote street, one hundred and eighty-nine feet; westerly on land of George W. Goodsell, one hundred and forty-seven feet; southerly, in part by land of F. Wagner, and in part by land of H. P. Hoadly, and now of Edwin Potter, in all one hundred and eighty-nine feet; easterly by land now or formerly of William T. Porter, one hundred and forty-seven feet."

The court found that the defendant, at the time he gave the deed, owned one hundred and eighty-four feet only on Foote

street; and held that, inasmuch as his title to that was good, and was conveyed to the plaintiff, the fact that he did not own and convey to the plaintiff one hundred and eighty-nine feet constituted no breach of his covenants.

The court manifestly regarded that part of the description referring to the adjoining proprietors as controlling the length of lines and the quantity of land. In this we are inclined to think there was no error. The principle that governs this class of cases is that the greater certainty must prevail. Consequently where there are two or more conflicting descriptions in a deed, preference is given to that which is most certain. Hence known and fixed monuments will control courses and distances, and metes and bounds will control quantity, unless the deed shows a clear intent to give a definite quantity. *Nichols* v. *Turney*, 15 Conn., 101.

In the case before us the boundaries are given by naming the street and the owners of the land on the different sides. Then the length of line on each of the four sides is given, and it turns out that within the given boundaries the length of line on Foote street falls short five feet. The only element of certainty about that line is its length. The two ends of the line are uncertain and can only be determined by ascertaining the line of the adjoining proprietors on the east and on the west. When that is done the line on Foote street can be definitely located. Its places of beginning and ending are fixed and certain, and must control the length of the line. It is manifest that the defendant intended to convey all the land he owned within those boundaries *and no more;* so that if the quantity of land had exceeded that indicated by the deed the plaintiff would have taken the whole.

The deed therefore does not show a clear intent to sell exactly one hundred and eighty-nine feet of land.

There is no error in the judgment and the plaintiff is not entitled to a new trial.

In this opinion the other judges concurred.