## TIMOTHY J. FOX *vs.* LYDIA A. SMITH.

Third Judicial District, New Haven, June Term, 1900.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

Where a tract of land is correctly described by metes and bounds and is then referred to as being the same land conveyed to the grantor by a deed recorded so and so, and the two descriptions in fact relate to different tracts, the former will prevail and extraneous evidence of an intent to convey the last-described tract will be excluded.

Where the failure of a grantee to receive a deed containing a correct description of the premises actually agreed to be conveyed, is due to his own fault, he cannot resist payment of his note given for a part of the purchase price, upon the ground of want of consideration.

In an action upon a note given as part of the purchase price of land, the parties were at issue as to whether their bargain related to an eight acre tract or to a twenty-six acre tract. The trial court found that the contract related to the tract of eight acres and that the plaintiff had sent the defendant a deed which correctly described that tract, but, upon the latter's representation that the description was erroneous, had changed it as requested by the defendant, and that the deed as changed and re-executed purported to convey the twenty-six acre tract, which the plaintiff never owned. *Held* that the fact that the deed as re-executed did not convey a title to either of the tracts, was no defense: first, because the misdescription of the eight acre tract was the result of the defendant's own act; and second, because the plaintiff was not bound to tender

the defendant another deed containing a correct description of the eight acre tract, so long as she insisted that the original bargain related to the twenty-six acre tract, which was correctly described in the deed she already had.

Argued June 13th—decided July 13th, 1900.

ACTION by the payee against the maker to recover the amount of a promissory note, brought originally before a justice of the peace and thence by defendant's appeal to the Court of Common Pleas in New Haven County and tried to the court, *Hubbard, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendant for alleged errors in the rulings of the court. *No error.*

The note in suit was given by the defendant under the following circumstances: The only land in the town of Beacon Falls owned by the plaintiff, who resided in New Haven, was an eight acre tract of woodland, which was bounded east by a highway, and the title to which he derived on the 9th day of January, 1878, by deed from Lucius Sackett recorded in Vol. 1, p. 132, of the land records of said town. On the said 9th of January the defendant released to said Sackett a mortgage held by her upon said eight acre tract, by a deed recorded in Vol. 1, p. 94, of said records. On the opposite side of the said highway which forms the east boundary of the plaintiff's eight acre tract is a twenty-six acre tract of woodland owned by two relatives of the defendant, the description of the south boundary of which tract is the same as the south boundary of the plaintiff's eight acre tract. The defendant owns and resides upon land adjoining said twenty-six acre tract upon the east.

It is admitted by the pleadings that it was agreed in writing between the parties that the plaintiff should convey to the defendant, by a good and sufficient deed, the land described in the written agreement, the defendant to pay therefor $100 in cash and give her note for $100 secured by mortgage upon said premises.

The writings between the parties seem to have contained no description by metes and bounds of the land to be conveyed. In his letter to the defendant offering his land for sale at

$200, written in response to a letter from her, the plaintiff refers to the land as "my woodland adjoining yours." A writing signed by the plaintiff June 1st, 1898, upon payment by defendant of $100 in cash, states that said sum is received "in part payment for the purchase of my woodland in Beacon Falls, and recorded in the land records Vol. 1, on p. 132, of said town of Beacon Falls (that being the place where the deed to the plaintiff from said Sackett of said woodland is recorded, as before stated), the balance of said purchase money to be secured by first mortgage on said property when deed of same is executed and delivered."

Upon delivering said writing to the defendant's agent, the plaintiff on the same day drew a warranty deed from himself to the defendant, in which he described the land conveyed by metes and bounds as it was described in the deed of said Sackett to the plaintiff, and as being eight acres more or less, and to said description added the following: "and being the same property quitclaimed to me by the said Lydia A. Smith by her deed dated January 9th, 1878, and recorded in Vol. 1, p. 94, of the Beacon Falls land records" (that being the page upon which is recorded the released deed of defendant to said Sackett of said mortgage upon said eight acre tract, as above stated).

Plaintiff thereupon prepared a note for $100 and a mortgage to secure the same, describing the premises in the latter as being eight acres more or less and by metes and bounds as in said warranty deed, and as being the same premises conveyed by plaintiff to defendant by said warranty deed, which said note and mortgage the plaintiff sent to the defendant to be executed.

The defendant signed said note and duly executed the mortgage and returned them to the plaintiff, at the same time writing him that the justice of the peace who took the acknowledgment of the mortgage informed her that the description was wrong, and requested the plaintiff to change the north, west, and east boundaries. The plaintiff thereupon erased from both deeds said boundaries and inserted the boundaries requested by the defendant, supposing they were the correct

boundaries of the eight acre tract, and re-acknowledged the warranty deed after such changes and returned to the defendant said warranty deed and also said mortgage to be recorded. The defendant caused said deeds to be recorded and returned the mortgage to the plaintiff.

As changed, the boundaries in both of said deeds were the boundaries of said twenty-six acre tract.

In September, 1898, the owners of the said twenty-six acre tract charged the plaintiff with having given a deed of their land, which the plaintiff denied. In October the defendant by her attorney informed the plaintiff that he had conveyed to her land which he did not own; that she had intended to purchase the twenty-six acre tract and had no intention of buying the eight acre tract. Defendant had in the meantime cut some of the wood upon the eight acre tract.

Plaintiff on the 26th of October commenced this action on the note. The defendant by her answer alleged that there was no consideration for said note, and in a cross-complaint alleged that the plaintiff agreed to sell and she agreed to purchase the twenty-six acre tract, both supposing that the plaintiff owned the same; that the plaintiff had executed and delivered to her a deed of said tract and the defendant had executed the mortgage, when in fact the plaintiff did not own the land described in said deeds. The cross-complaint asked that the plaintiff be required to surrender the note and mortgage and pay back to the defendant the $100, and that the deed of the plaintiff to the defendant be set aside and declared void.

*V. Munger*, for the appellant (defendant).

*Edmund Zacher*, for the appellee (plaintiff).

HALL, J. Upon the trial in the Court of Common Pleas both parties claimed that there was a mistake in giving to the defendant a deed of the twenty-six acre tract. The defendant contended that by the written agreement it was in-

tended by both parties that she should receive a deed of the
twenty-six acre tract adjoining her own premises and not of
the eight acre tract, and that the mistake of both parties was
in supposing that the plaintiff owned the twenty-six acre
tract. The plaintiff, on the other hand, claimed that the
agreement contemplated the conveyance of the eight acre
and not of the twenty-six acre tract, and that the only mis-
take was in changing the correct descriptions of the bound-
aries of the eight acre tract as originally given in the deed
and mortgage executed by both parties, and so making them
describe the twenty-six acre tract which neither party in-
tended should be conveyed.

The writing of June 1st, 1898, signed by the plaintiff upon
receipt of the $100 and accepted by the defendant, stated
that the plaintiff's land to be conveyed was that described in
the deed recorded in Vol. 1, p. 132, of the land records of
Beacon Falls, which was the deed of Sackett to the plaintiff
of the eight acre tract, the only land owned by the plaintiff
in that town. Both the warranty deed from plaintiff to de-
fendant and the mortgage back from the defendant state the
quantity of the land as "being eight acres more or less," and,
as originally drawn, these deeds correctly described the
boundaries of the eight acre tract as they were given in the
plaintiff's deed from Sackett. These facts clearly justify the
conclusion of the trial court that it was, as claimed by the
plaintiff, his intention to sell and the defendant's to purchase
the eight acre tract conveyed by Lucius Sackett to the plain-
tiff in 1878, and not the twenty-six acre tract, and that the
mistake of the parties was in believing that they were cor-
rectly describing the eight acre tract when they changed the
description of the boundaries in the deed and mortgage as
originally drawn so that, when changed, they described the
boundaries of the twenty-six acre tract.

But the defendant now claims that since, by reason of a
mutual mistake the boundaries given in the deed to her are
those of the twenty-six acre tract which was not intended to
be conveyed and which the plaintiff did not own, she has re-
ceived title to neither the twenty-six acre nor the eight acre

Fox *v.* Smith.

tract, the plaintiff has wholly failed to perform his contract to convey the latter, and that therefore he cannot recover upon the note, since it is without consideration.

We do not think that the general description of the land in the plaintiff's deed to the defendant, by the words which follow the description by boundaries, namely, " being eight acres more or less, and being the same property quitclaimed to me by the said Lydia A. Smith, by her deed dated January 9th, 1878, and recorded in Vol. 1, p. 94, of Beacon Falls land records "—renders it a good conveyance of the eight acre tract. The description by metes and bounds is free from ambiguity and must control, notwithstanding the inconsistent general statement which follows by reference to another deed; and had the question in the trial court been simply that of the legal effect of the language in the description of the deed to the defendant, instead of the material question of mutual mistake raised by the pleadings, extraneous evidence of the intention of the plaintiff to convey by that language the eight acre tract would not have been admissible. *Benedict* v. *Gaylord*, 11 Conn. 332; *Elliott* v. *Weed*, 44 id. 19, 23; *Sherwood* v. *Whiting*, 54 id. 330, 332; *Clark* v. *Beloff*, 71 id. 237.

The fact that the deed from the plaintiff does not convey a title to either the eight acre or the twenty-six acre tract is, however, no defense to this action. The finding leaves it doubtful whether the plaintiff ever delivered to the defendant the deed as he first prepared it. However that may be, the defendant, by requiring the boundaries to be changed, impliedly refused to accept the deed which the plaintiff first executed and was ready to deliver and which would have given her a good title to the eight acre tract. It was unnecessary for him to tender to her a deed which she had refused to accept, at least until she had revoked that refusal. If he did not actually deliver the deed as first prepared he was prevented from doing so, and from thus properly performing his contract, by her act. He delivered to her, as a conveyance of the eight acre tract, a deed containing the language required by her as a description of that tract. She has received what

she asked for. So long as she claimed that the boundaries as changed at her request properly described the eight acre tract, she could not justly complain of the failure of the plaintiff to give her a deed containing a correct description of the eight acre tract. Nor can it be said that the plaintiff is at fault in not having tendered a deed containing a correct description of the eight acre tract after he learned that the boundaries in the defendant's deed were those of the twenty-six acre tract, inasmuch as the defendant, since that time, has claimed that she intended to purchase the twenty-six acre tract, and that the deed she received properly described the land which she intended to buy.

As the defendant is entitled under the agreement to receive, and the plaintiff is willing to execute to her, a valid conveyance of the eight acre tract, and as the failure of the defendant to receive such a deed is attributable to her fault, there is a sufficient consideration for the note.

No claim having been made by the defendant for a breach of any of the covenants of the plaintiff's deed to her of the twenty-six acre tract, and the defendant in her cross-complaint having asked that that deed be set aside and declared void, the plaintiff was not called upon in this action to ask that the deed be canceled in case it should be held not to convey the eight acre tract.

There is no error.

In this opinion the other judges concurred.