## MARY E. BEACH *vs.* CHARLES E. WHITTLESEY.

Third Judicial District, New Haven, January Term, 1901.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

Where both distance calls in a deed cannot be satisfied, the one which is supported by a well-defined monument, as for instance the adjoining tract of land, will prevail over the other which disregards such monument.

As a means of identifying the land bought, evidence of the actual survey, and the surveyor's testimony as to how the boundaries fitted the ground, is admissible; also a map of the premises which the parties had examined prior to their purchase.

An ambiguity in a deed which is disclosed by parol may be removed by parol.

Where a counterclaim is pleaded as a part of the answer and judgment is rendered for the defendant upon other grounds, it is not necessary to make any special reference to it in the judgment file.

In the present case the parties, who owned adjoining lots, were at issue as to the position of the dividing line. *Held* that evidence was admissible to prove that the defendant conveyed to the plaintiff a strip of land twelve feet wide in settlement of that controversy, and

that he afterwards staked out and built a fence upon a line which the plaintiff accepted as correctly marking the boundary of her lot, as fixed by that conveyance.

The admission of incompetent evidence is a harmless error where the other evidence conclusively shows that the appellant had no case.

Argued January 16th—decided February 12th, 1901.

ACTION to recover the possession of land, and damages, brought to the Court of Common Pleas in New Haven County and tried to the court, *Studley, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff for alleged errors in the rulings and findings of the court. *No error.*

The case is sufficiently stated in the opinion.

*William B. Stoddard* and *Robert C. Stoddard,* for the appellant (plaintiff).

*E. P. Arvine* and *Albert D. Penney,* for the appellee (defendant).

BALDWIN, J. The parties to this suit owned adjoining lots, and were in controversy as to the position of the dividing line, by which the plaintiff's lot was bounded on the west. It is admitted in the pleadings that the plaintiff accepted, in settlement of this controversy, a conveyance from the defendant of a strip of land bounded north on Prospect Street 12 feet, east on her land 142 feet, south on his land 12 feet, and west on his land 142 feet. How far east this strip extended was thus left dependent on the position of the true westerly boundary of the plaintiff's land, and a new controversy soon afterwards arose as to that.

In the counterclaim filed with the answer, the defendant asked for a reformation of his deed to the plaintiff, on the ground of mistake, or its cancellation for want of a consideration. This opened the door to proof of what the parties really meant this conveyance to effect. For that purpose the defendant was properly allowed to introduce parol evidence to show the true boundaries of the plaintiff's original

lot. From such evidence the court of common pleas has found the following facts :—

There is a map of fifty building lots, dated in 1867, on file in the town clerk's office in Orange, a part of which is represented by the following diagram :

The plaintiff examined this map with the defendant, and they agreed that he should endeavor to buy lot 24 for her, and lots 21, 22 and 23 in his own name. The town clerk called her attention at the time to the notch in lot 24. The owner, one Atwood, was approached, and informed them that these lots had a frontage of 50 feet each, except lot 24, which had a notch of some 10 feet in it for a short distance. He also told the defendant, before the purchase was consummated, that on account of this notch all of lot 24 did not front on Prospect Street; that he could not give the precise boundaries of the notch; but, as they all understood it, he would bound the lot as with a front of 50 feet on the street, and the plaintiff and defendant could arrange the matter among themselves. The land was thereupon bought and two conveyances taken. That to the plaintiff bounded her land north

on Prospect Street 50 feet, east on Albert Thomas' land 142 feet, south on the grantor's land 50 feet, and west on his land 142 feet. That to the defendant bounded his land north 150 feet on Prospect Street, east 142 feet on land of Mary E. Beach, thence north 50 feet on her land, thence east 8 feet on Albert Thomas' land, south on land of one Hurle 200 feet, and west 150 feet on lands of Hotchkiss and Durand. Each deed referred to the land conveyed as part of a tract conveyed to the vendor by Albert Thomas by a deed on record. In that deed it was described as bounded north by Prospect Street 200 feet, and east by land of Thomas 150 feet, south by land of Mrs. Hurle 200 feet, and west by land of Hotchkiss and Durand 150 feet. When the defendant gave her deed to the plaintiff, he told her all that the grantor had said in regard to the true bounds of the lot.

No question is made as to the propriety of separating from lot 24, as was done by these conveyances, the eight-foot strip in the rear.

Upon the facts thus found, the plaintiff was equitably entitled, as between her and the defendant, under Atwood's deed to her, to a lot of no greater width at any part than 50 feet, and with no greater frontage on Prospect Street than would be given by a line drawn parallel to and 50 feet from the west boundary of the Thomas land, and projected to the street.

Her legal title was the same. All the calls of her deed could not be satisfied. The Thomas land was one monument. *Raymond* v. *Nash*, 57 Conn. 477. Prospect Street was another. The lot is described as of equal width front and rear, and with sides of equal length. The map showed the side-lines of the entire tract owned by Atwood to be parallel. The east side-line was a straight line, forming also the west boundary of the Thomas land. The west side-line of the plaintiff's lot, being of the same length as its east side-line, which was also part of the east side-line of the entire tract, must therefore be parallel to the west boundary of the Thomas land and fifty feet distant from it at all points. The court has found that a survey shows that this west line

strikes Prospect Street at a point about 34 feet from the end of the street. The street frontage, described as 50 feet, must therefore be reduced accordingly, for otherwise the width of the lot described as 50 feet would be extended to 66 feet. *Elliott* v. *Weed*, 44 Conn. 19. It is a case where one call of distance must yield to another call of distance, because the latter is supported by a well-defined monument. Were the call of distance created by the description of the Prospect Street frontage as 50 feet to prevail, the only monument given to ascertain the point of departure in the description of the land conveyed would be wholly disregarded, for in that case the easterly boundary would necessarily have been not on Thomas' but on Atwood's land. He could not carve out of his tract a parallelogram fronting 50 feet on Prospect Street, unless he made its east line commence at the corner of Prospect and Water streets, and that corner is some 16 feet from the Thomas land.

To show the legal title, evidence of the actual survey of the ground, and the map, although not referred to in the deed, were admissible as means of identifying the subject-matter. The plaintiff sent an agent to buy a lot designated on that map as lot 24. She knew that this lot, as there described, did not have a frontage of 50 feet on Prospect Street. She accepted a deed which on its face was certain, but was rendered uncertain by comparing it with the land which it purported to describe. The ambiguity thus disclosed by parol could be removed by parol. The surveyor's testimony was properly admitted to show how the boundaries fitted the ground. The map came in as one of the circumstances attending the purchase which was in the mind of both parties, as descriptive of the thing sold. *Bartholomew* v. *Muzzy*, 61 Conn. 387, 393.

There is no admission in the pleadings which debarred the defendant from claiming that the plaintiff's deed should be thus construed.

It is assigned for error that judgment was not rendered for the plaintiff on the counterclaim.

There are two forms of presenting a counterclaim. It may be pleaded in the answer. General Statutes, § 876. It may,

Beach *v.* Whittlesey.

when in the nature of a cross-bill in equity, be pleaded by itself, as a cross-complaint. Rules of Court, § 171. That in the present case was made part of the answer. The facts found showed that there was no occasion for the relief which it asked; but this did not require the court to refer to it especially in the judgment file. Had it been pleaded as a cross-complaint, and separate issues closed upon it, a different form of judgment might have been necessary.

The acts complained of as a dispossession of the plaintiff consisted in the erection of a fence on what the deed, in the light of the parol evidence above described, made the west line of the twelve-foot strip. Corroborative evidence was also properly received that soon after the defendant gave her the deed of that strip, the line on which he later built the fence was surveyed and staked out so as to give her a total street frontage of about 46 feet; and that she accepted the stakes as correctly marking the west bound of her lot as fixed by that conveyance. This tended to show that she accepted the execution of the compromise agreement or accord, by the delivery of this deed, in satisfaction of any previous claim to a larger frontage than 34 feet.

It is unnecessary to determine whether the deeds to Atwood's predecessors in title from Thomas were properly received. The first of these purported to convey lots 21, 22, 23 and 24, described as having a total frontage on Prospect Street of 190 feet, and bounded east on the grantor's land 150 feet; the second purported to convey a strip of land bounded east on the grantor's land, about 142 feet, and north on Prospect Street 10 feet, these words being added to the description: "The northern boundary is or may be partly or wholly on the land of Herman Trisch." Their admission could not have harmed the plaintiff, for the other evidence before the court conclusively showed that she had no case.

There is no error.

In this opinion the other judges concurred.